IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Michael R. Shemonsky, | : | Case No. 4:07-CV-1667 |
| Plaintiff, | : | |
| | : | |
| v. | : | (Judge Jones) |
| | : | |
| John J. Thomas, | : | |
| Defendant. | : | |

MEMORANDUM

September 12, 2007

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This Court is in receipt of a Complaint initiating the above-captioned action, filed by pro se Plaintiff Michael R. Shemonsky ("Plaintiff" or "Shemonsky") on September 11, 2007. (Rec. Doc. 1). The Complaint alleges that Plaintiff's Constitutional rights were violated by the Chief Judge of the U.S. Bankruptcy Court for the Middle District of Pennsylvania: The Honorable John J. Thomas. Specifically, Plaintiff appears to contend that Judge Thomas's August 29, 2007 dismissal of Plaintiff's bankruptcy action was illegal.

For the reasons that follow, this action will be dismissed.

1

## **DISCUSSION:**

It is well-established that judges are absolutely immune from suits for acts performed within their judicial capacity. See, e.g., Cleavinger v. Saxner, 474 U.S. 193 (1985). Indeed, the Supreme Court has explained that such immunity is "essential to protect the integrity of the judicial process," id. at 200, and has recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without fear that they will be subjected to burdensome and vexatious litigation. Bradley v. Fisher, 80 U.S. 335, 349-50 (1872). More recently, the Court of Appeals for the Third Circuit has reiterated the same: "The doctrine of judicial immunity is founded upon the premise that a judge, in performing his or her judicial duties, should be free to act upon his or her convictions without threat of suit for damages." Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000).

In spite of this Court's liberal construction of pro se pleadings such as Plaintiff's Complaint, Haines v. Kerner, 404 U.S. 519 (1972), our thorough review of the Complaint leads us to conclude that the instant action falls squarely within the doctrine of judicial immunity. We so conclude because Plaintiff's Complaint is comprised of only bare allegations that Judge Thomas recently illegally dismissed a bankruptcy action: it contains no averments which suggest that Judge

Thomas took any sort of extra-judicial action or acted in the clear absence of jurisdiction. See Mireles v. Waco, 502 U.S. 9, 11-12 (1991). See also Stump v. Sparkman, 435 U.S. 349, 360 (1978). Rather, this prolific pro se filer, who has instituted no fewer than twelve (12) previous actions in this district, has returned again, this time with an impermissible collateral attack on the disposition of a bankruptcy action.[1] Accordingly, we find that Judge Thomas is immune to the allegations of the instant suit, and we will dismiss this case.

An appropriate Order shall issue.

_____
John E. Jones III
United States District Judge

---

[1] Should Plaintiff wish to challenge the dismissal of the bankruptcy suit referenced in the Complaint before us, the appropriate remedy is an appeal. However, we express no opinion on the viability of any such appeal as Plaintiff may file.